IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BEVERLY LISADELLE HARRIS, ) | CIVIL ACTION NO. 9:15-4693-BHH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on July 5, 2012 (protective filing date), alleging disability as of October 19, 2011, due to pulmonary embolisms, panic attacks, anxiety, PTSD, and agoraphobia. (R.p. 173-178,197). Plaintiff's claim for DIB was denied initially and upon reconsideration, as well as by an Administrative Law Judge (ALJ) in a decision issued August 4, 2014. (R.pp. 13-25). Plaintiff appealed this decision to the Appeals Council. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in United States District Court, asserting that there is



not substantial evidence to support the ALJ's decision, and that the decision should be reversed and/or remanded for further consideration. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v.



Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was forty-six (46) years old on her alleged onset date, has four or more years of college and past relevant work experience as a teacher, a university registrar, a director of technology, and a computer instructor. (R.pp. 34, 78, 198). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months.

After review of the evidence and testimony in this case, the ALJ determined that although Plaintiff does suffer from the "severe" impairments[1] of migraine headaches and anxiety, she nevertheless retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with the following nonexertional limitations: the performance of only simple, routine, repetitive tasks with no ongoing interaction with the public, and only work in an uncrowded setting with no close coordination with coworkers. (R.p. 20). The ALJ further determined that while the limitations caused by Plaintiff's impairments precluded her from performing her past relevant work, she could perform other representative occupations such as janitor, cleaner, and surveillance system monitor with these limitations, and was therefore not disabled. (R.p. 25).

---

[1] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).



Plaintiff asserts that in reaching this decision, the ALJ erred by not providing a rationale for how he determined Plaintiff's RFC, and by improperly evaluating and rejecting the opinion of Plaintiff's treating physician, Dr. Jeffrey Jennings. After careful review and consideration of the record and arguments presented, the undersigned is constrained to agree with the Plaintiff that the ALJ failed to properly account for the restrictions he found Plaintiff had in her mental RFC in light of the applicable case law, thereby requiring a reversal of the decision.

The record reflects that from December 7, 2011 to November 5, 2012, Dr. Barry Rozantine ranked Plaintiff's concentration/ attention span as "normal" on a number of occasions, with only a couple of rankings as "scattered". (R.pp. 519, 524-527). On August 3, 2012, Dr. Joe Griffin ranked Plaintiff's attention/concentration as "poor." (R.p. 499). On October 18, 2012, Dr. Jennings also opined that Plaintiff's attention/concentration was "poor." (R.p. 504). On November 15, 2012, Judith Von, PhD, a state psychological consultant, opined that Plaintiff had affective and anxiety disorders which resulted in moderate limitations in Plaintiff's concentration, persistence or pace, and which also caused one or two repeated episodes of decompensation, each of extended duration. (R.p. 66). Even so, with regard to whether Plaintiff could maintain attention and concentration for extended periods, Dr. Von opined that Plaintiff was "not significantly limited." (R.p. 70). On January 3, 2013, Dr. Jennings assessed Plaintiff with a GAF score of 53,[2] with her

---

[2]"Clinicians use a GAF [Global Assessment of Functioning] to rate the psychological, social, and occupational functioning of a patient." Morgan v. Commissioner of Soc. Sec. Admin., 169 F.3d 595, 597 n.1 (9th Cir. 1999). A GAF of 51 to 60 indicates that moderate symptoms are present. Perry v. Apfel, No. 99-4091, 2000 WL 1475852 at *4 (D.Kan. July 18, 2000); Matchie v. Apfel, 92 F.Supp.2d 1208, 1211 (D.Kan. 2000).



highest GAF score in the past year being 65[3]. (R.p. 533). On January 13, 2014, Dr. Victor Rosenfield, a neurologist, opined that Plaintiff was unable to work and rated the severity of her headaches as severe, which included the notation that this condition "precludes the attention and concentration required for even simple, unskilled work tasks." (R.p. 837).

After review of the medical evidence and consideration of the subjective testimony presented at the hearing, the ALJ found that Plaintiff did have significant mental impairments, including moderate difficulties with regard to concentration, persistence, or pace. (R.pp. 18-19, 24). However, although the ALJ found that Plaintiff had moderate restrictions with respect to concentration, persistence, or pace, he failed to properly account for this restriction in his RFC determination, thereby requiring a reversal with remand in this case. Specifically, the ALJ limited Plaintiff's RFC to the performance of only simple, routine, repetitive tasks with no ongoing interaction with the public and only work in uncrowded settings with no close coordination with coworkers. (R.pp. 18, 20). At the time of the ALJ's decision, restricting a claimant to routine, simple work to account for mental impairments, to include a moderate restriction with respect to concentration, persistence or pace, was an RFC formula that had found support in previous case law, and which this Court had itself upheld as sufficient in some earlier decisions. Cf. Wood v. Barnhart, No. 05-432, 2006 WL 2583097 at * 11 (D.Del. Sept. 7, 2006) [Finding that by restricting plaintiff to jobs with simple instructions, the ALJ adequately accounted for plaintiff's moderate limitation in maintaining concentration, persistence or pace]; McDonald v. Astrue, 293 F. App'x 941, 946-47 (3d Cir. 2008) [noting that the ALJ properly accounted for his finding that the claimant had moderate

---

[3] A GAF score of 61-70 indicates that some mild symptoms of depression or difficulty in social or occupational settings are present. Simons v. Barnhart, No. 04-5021, 2004 WL 2633448, at **2 (4th Cir. Nov. 18, 2004).



limitations in concentration by limiting him to simple, routine tasks].

However, in a case decided after the ALJ's decision, Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "an ALJ does not account 'for a claimant's [moderate] limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638, quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). That is exactly what the ALJ did in this case. After Mascio, however, such a summary finding is no longer sufficient, as the Fourth Circuit has held that the ability to perform simple, routine tasks is not the same as having the ability to *stay on task* during a workday, which is the limitation that would account for a claimant's impairment in concentration, persistence or pace. Mascio, 780 F.3d 638. The ALJ did not address this limitation (to "stay on task") in either his RFC or in his hypothetical to the VE. (R.pp. 19, 43-45). Cf. Mascio, 780 F.3d at 638 [commenting that "[n]otably, the hypothetical [to the VE] said nothing about [Plaintiff's] mental limitations"]; see also Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) [In order for a vocational expert's opinion to be helpful and relevant, it must be "in response to proper hypothetical questions which thoroughly set out all of claimant's impairments"]; Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) [hypothetical question submitted to the VE must state the claimant's impairments with precision].

The ALJ's limitation of the Plaintiff's RFC to simple, routine, repetitive tasks does not by itself take into account any inability "to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work

6



settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3);[4] cf. Tyler v. Colvin, No. 15-225, 2016 WL 831944, at * 3 (M.D.N.C. Feb. 29, 2016)[Finding that "[t]he additional limitations in Plaintiff's RFC limiting him to [unskilled] work that does not involve reading or writing fails to account for his moderate limitations in concentration, persistence, or pace."], adopted March 23, 2016 (unpublished).  Rather, the ALJ's limitation to simple, routine, repetitive tasks primarily addresses the complexity of the work, not Plaintiff's ability to stay on task.  See Mascio, 780 F.3d at 638; cf. Straughn v. Colvin, No. 14-200, 2015 WL 4414275, at *4 n.5 (M.D.N.C. July 20, 2015) [reasoning that the ALJ "did not address how the RFC's limitation to 'simple, routine' tasks addressed his finding of 'mild limitations with concentration, persistence or pace.'  Thus, the ALJ's decision may also run afoul of the recent decision in Mascio"] (citation and quotation omitted); Salmon v. Colvin, No. 12-1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) [noting that "the Fourth Circuit

---

[4]Listing 12.00 explains, in part:

> Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings. Limitations in concentration, persistence, or pace are best observed in work settings, but may also be reflected by limitations in other settings. In addition, major limitations in this area can often be assessed through clinical examination or psychological testing. Wherever possible, however, a mental status examination or psychological test data should be supplemented by other available evidence.
>
> ****
>
> In work evaluations, concentration, persistence, or pace is assessed by testing your ability to sustain work using appropriate production standards, in either real or simulated work tasks (e.g., filing index cards, locating telephone numbers, or disassembling and reassembling objects). Strengths and weaknesses in areas of concentration and attention can be discussed in terms of your ability to work at a consistent pace for acceptable periods of time and until a task is completed, and your ability to repeat sequences of action to achieve a goal or an objective.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

7



made clear that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work."] (citations and quotations omitted).

Similarly, with regard to the ALJ's limitation of the Plaintiff's contact with the public and coworkers, limiting workplace changes and coworker interaction deals "largely with workplace adaption, rather than concentration, pace, or persistence." McPherson v. Colvin, No. 16-1469, 2016 WL 5404471 at * 8 (E.D.Pa. Sept. 28, 2016)[where the court rejected that moderate restrictions in concentration, persistence, and pace were accommodated by a hypothetical to a VE that only included: 1) the performance of routine, repetitive tasks; 2) a low stress environment (defined as no frequent independent decision making required and no frequent changes in the work setting); and 3) no public interaction and occasional interaction with coworkers and supervisors](citing to Varga v. Colvin, 794 F.3d 809, 815 (7th Cir. 2015)). Hence, "neither the ALJ's RFC assessment nor the ALJ's hypothetical questions to the VE address Plaintiff's ability to stay on task, and the [undersigned] is left to guess how the ALJ accounted for this ability despite finding that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. Remand thus is appropriate." Carr v. Colvin, No. 15-685, 2016 WL 4662341, at *10 (D. Md. Sept. 7, 2016)[Finding that the ALJ's inclusion of a limitation in the assessment of Plaintiff's RFC and in the hypothetical questions to the VE to only occasional contact with supervisors, co-workers, and the public accounts for Plaintiff's moderate difficulties in social functioning,[5] but does not account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace].

---

[5]The ALJ found that Plaintiff had moderate difficulties in social functioning in this case. (R.p. 19).



The Defendant urges this Court to affirm the decision because of the ALJ's thorough analysis of the medical evidence. However, under the facts of this case and the applicable standards, the undersigned cannot recommend affirming the ALJ's decision on this basis. "While the ALJ did conduct a thorough analysis of the medical evidence of record and explain his reasoning for the weight given to the various medical opinions and statements of Plaintiff and others regarding daily activities, it is not entirely clear how the evidence aligns with the necessary functions, which is a required showing." See Miller v. Colvin, No. 15-443, 2016 WL 3679292 at **4-5 (W.D.N.C. July 11, 2016)(citing Mascio, 780 F.3d at 636; SSR 96–8p, 1996 WL 374184, at *7). Even though the ALJ noted Plaintiff's testimony that she had to stop taking online courses because she could not concentrate and had difficulty focusing and retaining information, the therapy notes from 2012 reflecting that Plaintiff was continuing to have difficulty completing tasks in a reasonable amount of time, as well as Dr. Griffin's opinion that Plaintiff had poor memory/concentration (R.pp. 19-21), he only discussed Plaintiff's mental impairment in the context of her difficulty being around others (which he addressed with his no ongoing interaction limitation) and that her taking online course work supported a finding that she could perform simple, routine, repetitive tasks. (R.p. 24). Neither of these findings address Plaintiff's ability to stay on task for an eight hour workday, nor did the ALJ make any finding as to what percentage of time Plaintiff may be required to be off task, if any, an omission made even more significant by the VE's testimony that Plaintiff would not be able to perform the jobs identified if she had concentration difficulties up to 20 percent of the workday. (R.p. 44).[6]

---

[6] As such, this case stands in contrast to those cases where the decision has been upheld because the ALJ specifically addressed the claimant's ability to stay on task notwithstanding the claimant's
(continued...)



While it may be that the ALJ will find, based on the evidence and facts of this case, that Plaintiff's moderate impairment in being able to concentrate and stay on task would not affect her ability to perform the work identified in the decision, see Mascio, 780 F.3d at 638 [noting that the ALJ may be able to explain why a moderate concentration, persistence, or pace limitation did not translate into a limitation in the RFC ("[f]or example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]"), but finding that remand was appropriate because the ALJ gave no explanation]; he did not make that determination or finding in his decision,[7] and the undersigned may not do so in the first instance. Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) [Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision].

Therefore, the decision should be reversed and remanded for consideration of Plaintiff's RFC in compliance with Mascio.[8] With respect to Plaintiff's remaining claims of error,

---

[6](...continued)
mental limitations. Cf. Falls v. Colvin, No. 14-195, 2015 WL 5797751, at * 7 (D.S.C. Sept. 29, 2015) ["As opposed to the hypothetical in Mascio, which said nothing about the claimant's mental limitations, the ALJ's hypothetical in this case accounted for each of Plaintiff's mental limitations. The ALJ also accounted for Plaintiff's limitations in the area of concentration when determining Plaintiff's residual functional capacity. The ALJ noted Plaintiff's mental limitations but found that the Plaintiff could concentrate, persist and work at pace to do simple, routine, repetitive work at 1-2 step instructions for extended periods say 2-hour periods in an 8-hour day"].

[7]As noted, the ALJ did not have the benefit of the Fourth Circuit's Mascio analysis when making his findings, since that case was decided after the decision in this case.

[8]Since remand is being recommended, the undersigned also notes that with regard to the surveillance system monitor position, this job requires a reasoning level of three. As such, the ALJ's limiting of the Plaintiff to simple, routine, and repetitive work provides an additional concern as to Plaintiff's ability to perform that position. Cf. Williams v. Colvin, No. 13-1563-JMC, 2015 WL
(continued...)



on remand the ALJ will be able to consider and re-evaluate the evidence in toto as part of the reconsideration of this claim.  Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, with **remand** to the Commissioner for reevaluation of the evidence as set forth hereinabove, and for such further administrative action as may be necessary.  See Shalala v. Schaefer, 509 U.S. 292 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 8, 2016
Charleston, South Carolina

---

⁸(...continued)
1423323 at * 2 (D.S.C. Mar. 27, 2015)[holding an apparent conflict existed between jobs identified by the VE that had a DOT reasoning level of 3 and a limitation in the hypothetical to performance of only simple, routine, and repetitive tasks]; Collins v. Colvin, No. 13-76, 2014 WL 4536727 at * 7-8 (D.S.C. Sept. 11, 2014)[same](collecting cases); Graham-Willis v. Colvin, No. 12-2489-JMC, 2013 WL 6840465 at * 7 (D.S.C. Dec. 27, 2013)[holding an apparent conflict existed between the jobs identified by the VE that had DOT reasoning level of 3 and the limitation in the hypothetical to performance of only simple tasks]; cf. Shivers v. Colvin, No. 12-3381, 2014 WL 1315183, at * 3-4 (D.S.C. March 28, 2014).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

